Filed April 5, 1892.

---

No. 15,619.

## O'BRIEN ET AL. *v.* MOSS ET AL.

SCHOOLS.—*Teacher, Vote of District Not to Employ.—Enjoining Trustee Insisting on Employing Such Person.*—A trustee of a township has no power to employ any teacher for a school whom a majority of those entitled to vote at a school meeting of such school have decided, at any regular school meeting thereof, they do not wish employed; and the patrons of such school may, by injunction, prevent such trustee employing as teacher a person whom they have thus decided they do not desire.

SAME.—*Appeal from Trustee to County Superintendent.—Finality of Decision.—Injunction.*—The decision of a county school superintendent, on appeal from a trustee, that a certain person shall not be employed, over the protest of the patrons of a school district, is final and binding upon such trustee; and obedience thereto may be compelled by injunction.

SAME.—*Refusal of Trustee to Decide.—Right of Appeal.*—The refusal of a trustee to decide a matter properly presented to him can not prevent the person asking a decision appealing the matter so submitted to him to the county school superintendent; for the refusal of the trustee to decide is a decision against the person who made the request for a decision.

SAME.—*Construction of Statute, Rights of School Patrons.*—A statute declaring the right of taxpayers of a school district to declare who shall be the teacher of their children must be construed liberally so as to advance such right, and is not to be so construed as to hamper or destroy it.

From the Clay Circuit Court.

*W. W. Carter* and *J. A. McNutt,* for appellants.

*C. E. Matson* and *P. T. Luther,* for appellees.

ELLIOTT, C. J.—The appellees allege in their complaint that they are resident voters and taxpayers of school district No. 3 in Sugar Ridge township, Clay county ; that on the 23d day of June, 1888, at a regular school meeting in the school district, the taxpayers, parents and guardians of children enumerated in the district decided that they did not wish the appellant O'Brien employed as a teacher ; that notice of this decision was given to O'Brien and Fernsel, the trustee ; that Fernsel disregarded the decision and employed O'Brien ; that, on the 8th day of October, 1888, the appellees and others gave notice to O'Brien that they would require Fernsel to decide the question of the former's right to teach the school ; that on that day they presented to Fernsel the question for his decision ; that Fernsel refused to consider or decide it ; that the parties thereupon gave notice to Fernsel and O'Brien that they intended to appeal from the action of Fernsel to the county superintendent of schools, and that they would present the matter to the superintendent on the 13th day of October, 1888 ; that the matter was presented to the superintendent on that day ; that the superintendent gave it as his decision that Fernsel had no right or authority to employ O'Brien as a teacher ; that the superintendent gave notice of his decision to Fernsel and O'Brien and directed the former to dismiss the latter ; that the decision and direction of the superintendent were disregarded, and O'Brien was retained as a teacher ; that the trustee threatens to continue O'Brien as a teacher, and will do so unless enjoined ; and that O'Brien threatens to continue as a teacher, and has so continued. Prayer for injunction.

We shall consider only such objections to the complaint as counsel have presented, regarding, as the law requires us to do, all other objections as waived.

It is insisted that the delay in bringing suit is sufficient to defeat a recovery. We can not so adjudge. The objection

to the employment of O'Brien was made in June, 1888, and renewed on the 18th day of October; the decision of the superintendent was made on the 13th day of the same month, and the suit was commenced on the 7th day of January, 1889. The delay was not such as caused the appellees the loss of their right of action, for it was not an unreasonable one, nor was it such as to authorize the inference they had abandoned their right to sue. The question as it comes to us is not affected by the right or claim of O'Brien to compensation for the time he actually discharged the duties of a teacher, for the only question with which we have to deal is as to the right of the appellees to prevent him from discharging such duties.

The right of taxpayers of a school district to declare who shall be the teacher of their children is an essential element of the right of local self-government, and, therefore, one of high importance. A statute declaring such a right is one to be liberally construed to advance the right, and is not to be construed so as to hamper or destroy it. The right to declare who shall teach the children of a particular district is one which should reside in the parents and guardians of pupils, inasmuch as it is a salutary check upon the almost autocratic powers of the school trustee. The statute, construed by the aid of fundamental principles, is plain and explicit, indeed, it is so in its very terms. Thus it reads: "The said trustee shall not employ any teacher whom a majority of those entitled to vote at school meetings have decided, at any regular school meeting, they do not wish employed." But we need not, and do not, rest our decision upon the action of the school meeting alone, for there was an appeal to the county superintendent and a decision by him that the teacher must be dismissed. Taking the action of the school meeting and that of the superintendent together, as we must, there can be no doubt that the appellees' complaint is sufficient as against a demurrer. The

statute expressly provides for appeals from the decision of the trustee and declares that the decision of the superintendent, "of all local questions relating to the legality of school meetings, establishment of schools, and the location, building, repair, or removal of school-houses, or transfers of persons for school purposes, and resignation and dismissal of teachers, shall be final." Section 4537, R. S. 1881.

The silence and inaction of the trustee when called upon may well be deemed a decision adverse to those who demanded that he decide the question presented to him. A school trustee can not by inaction deprive taxpayers of their right to appeal. The refusal to decide, where there is a duty to decide, is a decision against those who duly prefer a request for a decision. It is certainly so in such a sense as to authorize an appeal. The appellees, therefore, had a right of appeal. They exercised that right and obtained a decision from an officer whose judgment is by law made final and conclusive. This doctrine has been asserted in closely analogous cases respecting the decisions of school officers.

It is assumed that the trustee and the superintendent were simply called upon to decide questions of law, but we find nothing warranting this assumption. The question was as to the right to employ a teacher, and while it is true that it is possible that such a question may involve matters of law it does not necessarily do so. We are not, however, to be understood as holding that the superintendent may not decide incidental questions of law involved in cases respecting the employment or dismissal of teachers, for the opinions of the superintendent of public instruction and of a learned attorney general are that he may decide such questions. Vories' School Law, 153. But, however this may be, it is clear that there is no reason for assuming that only questions of law were decided by the superintendent.

The facts stated in the special finding make a much stronger and better case for the appellees than the complaint

does, and we have no doubt that the judgment is right upon the merits.

Judgment affirmed.

COFFEY, J., did not take any part in the decision of this case.

Filed April 5, 1892.