## RUMBLE ET AL. v. BARKER, TRUSTEE

[No. 3,856. Filed June 5, 1901.]

SCHOOLS.—*Township Trustee.*—*Employment of Teacher.*—*Notice.*— Under the act of 1899 (Acts 1899, p. 424). making it the duty of school trustees to employ teachers, a trustee is not under obliga-

tion to notify the patrons of a school district as to whom he intends to employ as teacher of the district, so as to give the patrons of the district an opportunity to remonstrate against the employment of a certain teacher. *pp. 72, 73.*

SCHOOLS.—*Employment of Teacher.— Objections.—When Must be Made.*—Section 5988 Burns 1894, providing that a township trustee shall not employ a teacher whom a majority of those entitled to vote at school meetings have decided at any regular school meeting they do not want employed, requires objections to the employment of a teacher to be made before his employment. *pp. 73, 74.*

From Pike Circuit Court; *E. A. Ely,* Judge.

Action by James P. Rumble and others against Joseph D. Barker, trustee, and others. From a judgment in favor of defendants, plaintiffs appeal. *Affirmed.*

*T. H. Dillon,* for appellants.

*J. W. Wilson* and *P. A. Chappell,* for appellees.

COMSTOCK, J.—Appellants, who were plaintiffs below, as resident taxpayers and patrons of school district number five, Madison township, Pike county, Indiana, brought this action against Joseph D. Barker, trustee of said school township, and Rufus Grigsby, a teacher in said district, to enjoin Barker as such trustee from retaining Grigsby as teacher of said school, and from paying any money to Grigsby, and to enjoin him from teaching said school. The cause was put at issue. The court made a special finding of facts, stated conclusions of law thereon, and rendered judgment in favor of defendants (appellees). It is assigned as error that the court erred in its conclusions of law on the special finding of facts.

Among other facts specially found are the following: Appellee Barker on and prior to the 15th of September, 1899, was the regularly elected, qualified, and acting trustee of Madison township, Pike county, Indiana; appellee Grigsby was at said date a duly qualified licensed teacher residing in said county and holding a license duly issued by the superintendent of schools of said county to teach in the schools of said county, which license was and

is in full force and effect; on said date said trustee and Grigsby entered into a written contract, by the terms of which Barker as trustee employed Grigsby to teach and Grigsby agreed to teach school in Madison township for six months from October 2, 1899; at the time of signing the contract, the number of the district and the name of the schoolhouse was omitted, but on the 18th of September, 1899, Barker as trustee, with the consent of Grigsby, filled the blank in said contract by writing therein the words "Number 5, Poplar Grove schoolhouse," making the contract read that Grigsby was to teach in said Poplar Grove schoolhouse in school district number five, Madison township, for six months from the 2nd day of October, 1899; neither Barker nor Grigsby had any knowledge or information that there would be any remonstrance against the employment of said Grigsby when said contract was signed September 15, 1899, nor when the number of the school was inserted September 18, 1899, and that Barker had no knowledge that there would be any remonstrance until the 19th of September, 1899, when he was informed by a patron of said school that the patrons were going to call a meeting to remonstrate against the employment of Grigsby, and that they wanted him to employ John W. Gladish. On September 25, 1899, a meeting was held pursuant to five days' written notice by thirteen patrons of said district. It organized by the election of a chairman and secretary. It was then decided (1) by a unanimous vote to reject Rufus Grigsby's application to teach the term of school beginning in the autumn of 1899, A. D. (2) To reject certain other teachers named. (3) To reject all teachers in Pike county except John W. Gladish. On the 27th of September, 1899, said trustee was notified in writing of the action of the meeting, the notice being signed by the chairman and secretary of the meeting. On the 30th day of September, 1899, a written notice addressed to Barker, trustee, was sent to him, to the effect that the patrons of the school

had appealed from his decision in the matter of the employment of a teacher for said district number five to the county superintendent, and that the appeal would be heard on the 6th day of October, 1899, at 2 o'clock p. m. This notice was signed by the chairman and secretary of the meeting. Some time between the 6th and 14th of October, 1899, date not shown by the evidence, a written notice signed by J. D. Grimes, superintendent of schools of said county, addressed to Joseph D. Barker, trustee, was served upon him to the effect that he, the superintendent, had sustained said appeal and decided against Barker and Grigsby, and notifying Barker to dismiss said Grigsby from said school. A copy of this notice is set out in the findings. It states that the decision is upon the ground that the trustee did not give the patrons of said district time or opportunity to exercise their statutory right to meet in regular school meeting and say whether they wished said Grigsby to teach said school. The court found that there was "no fraud, deception, or corruption on the part of the defendant Barker, trustee, or of defendant Grigsby in regard to the making, execution, or carrying out of said contract." It was further found that said Grigsby on the 2nd day of October, 1899, pursuant to the contract entered into, began teaching in said Poplar Grove schoolhouse and had ever since been discharging his duties under the terms of the contract. It thus appears that the contract to teach was entered into in good faith before any objection upon the part of the patrons of the school was made known or intimated to the employment of the teacher.

By the act of the General Assembly, approved March 4, 1899, Acts 1899, p. 424, it is in terms made the duty of the school trustee to employ teachers. He is required under section two of said act to maintain in each school corporation a term of school at least six months in duration; yet the trustee is the only person authorized to employ a teacher. While the wisdom of consulting with the patrons is apparent,

we are advised of no provision of the statute which requires him to notify the patrons of the school of his intention to employ a particular person as teacher. Barker and Grigsby were competent to contract. The contract was valid and binding in its inception.

Appellants rely upon §5988 Burns 1894. The latter part of said section is as follows: "The said trustee shall not employ any teacher whom a majority of those entitled to vote at school meetings have decided at any regular school meeting they do not wish employed, and at any time after the commencement of any school, if a majority of such voters petition such trustee that they wish the teacher thereof dismissed, such trustee shall dismiss such teacher, but only upon due notice and upon good cause shown, but such teacher shall be entitled to pay for services rendered." Counsel for appellees claim that this section is repealed by the act of 1899, *supra,* as being inconsistent therewith. We do not find it necessary to decide this question. But, as found, the contract of employment had been made before the meeting had been called. It is clear from the portion of the statute set out that the objections to the employment of a teacher must be made before his employment, for it provides that he shall not employ a teacher whom the patrons of the school do not wish employed. It does not refer to what is done, but to what may be done. It also provides that after the commencement of a school, a teacher may be dismissed upon the petition of a majority of those entitled to vote at school meetings, but only upon due notice and good cause shown. It is specially found that there was no petition filed with or request presented to Barker, trustee, by any one, requesting him to dismiss Grigsby, and no notice was given to Grigsby that any such request or petition would be made or presented to the county superintendent. Section 6028 Burns 1894, permits an appeal from the decision of the township trustee to the county superintendent relative to the resignation and dismissal of teachers, and

provides that the action of the superintendent shall be final. Counsel for appellant cite *O'Brien* v. *Moss,* 131 Ind. 99, but the facts in that case and the case at bar are not analogous. There is, however, no finding that an appeal was taken to the county superintendent. There is a copy of the notice to the trustee by the superintendent respecting his action in the premises which refers to the appeal of the patrons of the school. Copies of the notice of appeal served on the trustee and the teachers are made parts of the special finding. These are not findings of ultimate, but of evidentiary facts.

It is argued by counsel for appellees that the special findings show that the majority of those entitled to vote at the school meeting held on the 25th of September, 1899, were not present at said meeting. It is not necessary to consider the question. Upon the facts found, the court did not err in its conclusions of law.

Judgment affirmed.